SWIFT v. EAMES VACUUM BRAKE CO.

(Circuit Court of Appeals, Second Circuit. March 22, 1895.)

PATENTS—CONSTRUCTION AND INFRINGEMENT—EXHAUST STEAM MUFFLERS.
The Swift patent, No. 209,939, for an improvement in mufflers for the escape of exhaust steam, construed, and *held* infringed by an apparatus made under the Eames patent, No. 228,744.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit in equity by William H. Swift against the Eames Vacuum Brake Company for alleged infringement of a patent. The circuit court sustained the patent, and held that the same was infringed by the defendant's apparatus. The following opinion was rendered below by Wheeler, District Judge:

The plaintiff's patent, No. 209,939, dated Nov. 12, 1878, for an "improvement in mufflers for the escape of exhaust steam," is, upon the pleadings and proofs, to be compared with patent No. 131,807, dated October 1, 1872, and granted to George S. Bassett, for an "improvement in vaporizers for steam-heating apparatus," and No. 195,003, dated September 11, 1877, and granted to Herman Guels, for an "improvement in devices for preventing the noise of escaping steam," as well as with No. 228,744, dated June 15, 1880, and granted to Elisha D. Eames, for a "noise muffler," under which the alleged infringement is made. Bassett's vaporizer has angular diaphragms, against which the steam is sent for the taking out of water and conducting it away, and a perforated cap for spraying the steam into the air of the heated rooms to moisten it; and Guels' devices are finely-perforated plates. The plaintiff's muffler is composed of literally sinuous passages, and one or more series of perforations graduated to proper size to prevent setting back the steam, and dividing it into jets. The diaphragms of Bassett form pockets for drying the steam, rather than passages mitigating its flow; and the passage leading that part of it wanted for spraying to the perforations is not sinuous, and the perforations are not graduated to prevent setting back. The devices of Guels have no sinuous passages. And neither anticipates the combination of sinuous passages and one or more series of graduated perforations of the plaintiff's patent. A construction of the patent always including an intermediate series of perforations is plausibly argued for the defendant; but one series, which may be the outer one, or more, seems to be well covered by the patent. The patent of Eames and the alleged infringement to a greater extent have the sinuous passages mitigating the flow of the escaping steam, and both have one series of perforations, dividing it into jets. The patent of Eames may cover improvements upon the plaintiff's muffler; but, notwithstanding this, the substance of the plaintiff's patented invention appears to have been taken into the improvement, and the alleged appears to be an actual infringement. Decree for plaintiff.

J. E. Maynadier, for appellant.
Cowen, Dickerson & Brown, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. Inasmuch as no defense of want of novelty, based on the prior patent to Bassett, has been interposed by the defendant, and we are unable to adopt the narrow construction of the first claim of the patent in suit contended for in behalf of the defendant, we are constrained to affirm the decree of the court below, and do not deem it necessary to add anything to the observations in the opinion of Judge Wheeler. The decree is affirmed, with costs.